IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS ROSARIO, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 21-1238 |
| | : | |
| v. | : | |
| | : | |
| GEORGE HILL CORRECTIONAL | : | |
| FACILITY, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                          June 15, 2021

The *pro se* plaintiff, a former convicted inmate who was housed in a county prison, has sought leave to proceed *in forma pauperis* in this action asserting claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), based on the conditions of his confinement. More specifically, the plaintiff asserts that the county jail violated his constitutional rights when unnamed guards unlocked a cell, allowing another inmate to join in with another inmate who was fighting him, and when these unnamed guards failed to timely provide him medical care for his injuries incurred during the assault.

Although the court will grant the plaintiff leave to proceed *in forma pauperis*, the court must dismiss the complaint because the plaintiff may not maintain (1) a *Bivens* claim because he has sued a county jail and not a federal official and (2) a section 1983 claim against the county jail because the jail is not a "person" amenable to suit under section 1983. In addition, the plaintiff has failed to state a plausible Eighth Amendment claim for the failure to protect and for the failure to provide adequate medical care. The court will allow the plaintiff an opportunity to file an amended complaint.

## I.     ALLEGATIONS AND PROCEDURAL HISTORY

On March 20, 2021, the *pro se* plaintiff, Luis Rosario ("Rosario"), filed an application for leave to proceed *in forma pauperis* (the "IFP Application") and a complaint. *See* Doc. Nos. 1, 2. Rosario has identified only one defendant in the complaint, the George Hill Correctional Facility ("GHCF"). *See* Compl. at ECF p. 1, Doc. No. 2.

In the complaint, Rosario alleges that he was formerly housed at GHCF in February 2020. *Id.* at ECF p. 4. On February 3, 2020, at approximately 8:30 p.m., another inmate confronted Rosario, threatened him, and asked him to fight. *Id.* at ECF p. 5. This other inmate punched Rosario in the face after Rosario refused to give him the remote. *Id.* The fight then continued into an unlocked cell. *Id.*

Rosario claims that unnamed prison officials unlocked the cell electronically, which permitted another inmate to enter into the cell. *Id.* This inmate joined in the fight against Rosario. *Id.* Rosario alleges that he was dazed, holding his face, and bleeding for more than ten minutes before anyone came to his rescue. *Id.* Rosario asserts that prison officials failed to protect him when they "hit[] the electronic buzzer allowing other inmates into [his] cell to beat [him], as well as taking time to come to [his] rescue causing [his] injuries to go untreated." *Id.* at ECF p. 4. He further alleges that he did not receive immediate medical attention following the beating. *Id.* at ECF p. 5.

Based on these allegations, Rosario asserts claims under 42 U.S.C. § 1983 and *Bivens*, alleging that his civil rights were violated when he was denied safety and protection by prison officials. *Id.* at ECF p. 3. Rosario alleges that he lost several teeth and is now blind in his right eye because of the inmates' assault. *Id.* at ECF p. 5. He also suffers from mental health issues including anxiety and post-traumatic stress disorder due to the trauma. *Id.* He seeks recovery of $10 million

for the loss of his eyesight and the loss of several of his teeth, and for ongoing medical and mental

health treatment. *Id.*

## II.   DISCUSSION

### A.   The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or
> defense of any suit, action or proceeding, civil or criminal, or appeal therein,
> without prepayment of fees or security therefor, by a person who submits an
> affidavit that includes a statement of all assets such prisoner possesses that the
> person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal
> courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338
> (1989). Specifically, Congress enacted the statute to ensure that administrative
> court costs and filing fees, both of which must be paid by everyone else who files
> a lawsuit, would not prevent indigent persons from pursuing meaningful litigation.
> *Deutsch*[ *v. United States,* 67 F.3d 1080, 1084 (3d Cir. 1995)].  Toward this end, §
> 1915(a) allows a litigant to commence a civil or criminal action in federal court in
> [sic] *forma pauperis* by filing in good faith an affidavit stating, among other things,
> that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct.
> 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131–32 (3d Cir. 2008) (per curiam) (footnote

omitted).

The litigant seeking to proceed *in forma pauperis* must establish that the litigant is unable

to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir.

1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the

litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this

Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must]

review the affiant's financial statement, and, if convinced that he or she is unable to pay the court

costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application, it appears that Rosario is unable to pay the costs of suit. Therefore, the court will grant him leave to proceed *in forma pauperis*.

### B.     Standard of Review – Screening Under 28 U.S.C. § 1915(e)

Because the court has granted Rosario leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal—**(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*, 490 U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious,

> [a] court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant.

*Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard

used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). In addressing whether a *pro se* plaintiff's complaint fails to state a claim, the court must liberally construe the allegations set forth in the complaint. *See Higgs v. Attorney Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)).

### C.   Analysis

#### 1.   *Bivens* Claims

*Bivens* provides a remedy for certain constitutional violations committed by federal actors. *See, e.g.*, *Ynfante v. United States*, Civ. A. No. 13-767, 2015 WL 631055, at *5 (M.D. Pa. Feb. 12, 2015) ("In contrast to [Federal Tort Claims Act] actions, a *Bivens* claim can only be asserted against individual officials."). To maintain a *Bivens* claim, a plaintiff "must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law." *Tate v. Benson*, Civ. A. No. 12-1129-GMS, 2013 WL 164860, at *1, n.2 (D. Del. Jan. 11, 2013) (citations omitted). Here, Rosario's claims arise, if at all, from violations committed by state actors at GHCF and not from any officials acting under color of federal law. Accordingly, Rosario cannot state a plausible *Bivens* claim and it must be dismissed with prejudice.

## 2.     Section 1983 Claims

Rosario is also seeking relief under 42 U.S.C. § 1983. This statute provides in pertinent

part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. When attempting to establish a claim under section 1983, a plaintiff must allege

and prove that a "person" deprived the plaintiff of a constitutional right while acting under color

of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("To state a claim under § 1983, a plaintiff

must allege the violation of a right secured by the Constitution and laws of the United States, and

must show that the alleged deprivation was committed by a person acting under color of state

law."). In addition, "[a] defendant in a civil rights action must have personal involvement in the

alleged wrongs" to be liable. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

### a.     Claims Against GHCF

As indicated above, section 1983 "applies only to persons." *Fraser v. Pa. State Sys. of

Higher Educ.*, No. CIV. A. 92-6210, 1994 WL 242527, at *5 (E.D. Pa. June 6, 1994), *aff'd*, 52

F.3d 314 (3d Cir. 1995). GHCF is the county prison for Delaware County. *See Regan v. Upper

Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009) (stating that

"Delaware County Prison[ is] now known as the George W. Hill Correctional Facility"), *aff'd*, 363

F. App'x 917 (3d Cir. 2010). A county correctional facility, such as GHCF, is not a "person" under

section 1983. *See Ignudo v. McPhearson*, No. Civ. A. 03-5459, 2004 WL 1320896, at *2 (E.D. Pa.

June 10, 2004) ("[Plaintiff] also names as a Defendant the George W. Hill Correctional Facility.

The George W. Hill Correctional Facility is not a legal entity susceptible to suit."); *see also Lenhart*

*v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013) (per curiam) (concluding that district court properly dismissed claims against county prison because even though "[a] local governmental agency may be a 'person' for purposes of § 1983 liability[, the county prison] is not a person capable of being sued within the meaning of § 1983" (internal citations omitted)); *Mincy v. Deparlos*, 497 F. App'x 234, 239 (3d Cir. 2012) (per curiam) (determining that district court properly concluded that county prison is not "person" within meaning of section 1983). Therefore, GHCF is not a proper defendant in this section 1983 action.

b.   <u>Eighth Amendment Claims</u>

Although the court has dismissed the claims against the only named defendant, the court nonetheless addresses Rosario's substantive claims because, as discussed later, the court will be allowing him the opportunity to file an amended complaint. With regard to Rosario's substantive claims, the court understands him to be asserting claims that the unnamed guards failed to protect him and then failed to provide adequate medical care following his injuries, in violation of his Eighth Amendment rights. Both claims require a showing that the defendants acted with deliberate indifference.

"Unconstitutional punishment typically includes both objective and subjective components." *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). "[T]he objective component requires an inquiry into whether the deprivation was sufficiently serious and the subjective component asks whether the officials acted with a sufficiently culpable state of mind." *Id.* (internal quotations and alterations omitted). In general, to allege a sufficiently culpable state of mind a detainee must assert that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 298–99 (1991); *see also Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (per

curiam) ("'[T]he official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that interference.'" (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994))).

Similarly, to state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.[1] *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotation marks omitted). A plaintiff properly alleges deliberate indifference "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A serious medical need exists where "failure to treat can be expected to lead to substantial and unnecessary suffering." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991). Allegations of medical malpractice and mere disagreement

---

[1] Because Rosario alleges that he was a convicted prisoner at the time of the events in question, *see* Compl. at ECF p. 4 ("I was a convicted prisoner and am no longer confined"), the Eighth Amendment governs his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). Nonetheless, the standard under the Eighth Amendment and Fourteenth Amendment (which would apply to claims of pretrial detainees) related to a prisoner's medical needs is essentially the same for purposes of the analysis. *See Miller v. Steele-Smith*, 713 F. App'x 74, 76 n.1 (3d Cir. 2017) ("Because a Fourteenth Amendment claim for inadequate medical care is analyzed pursuant to the same standard applied to an Eighth Amendment claim, we will analyze [the pretrial detainee plaintiff's] claim in accordance with that familiar framework." (citation omitted)); *Moore v. Luffey*, 767 F. App'x 335, 340 n.2 (3d Cir. 2019) (declining to address whether new standard applies to claims raised by pretrial detainees based on issues related to medical care).

regarding proper medical treatment are insufficient to establish a constitutional violation. *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

Here, Rosario alleges that, while one inmate was beating him, unnamed guards allowed another inmate to enter into the cell in which the beating was taking place, exposing Rosario to additional harm. Rosario does not, however, include any facts as to the guards' appreciation of the danger of that action, or whether the action was deliberate. As to his claim that he was not provided with adequate medical care, Rosario alleges in conclusory fashion that his care was delayed and that he was denied care. Rosario has also not identified any individual defendants or specified what they knew or what they did. In these circumstances, Rosario's claims fall short of plausible and must be dismissed.

### D.      Leave to Amend

Generally, a district court should provide a *pro se* plaintiff with leave to amend unless amending would be inequitable or futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (stating general rule). Also, "in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007). Here, the court will grant Rosario leave to amend his claims, both to provide additional facts, and to identify as best he can the prison guards involved with the incident at issue.

### III.     CONCLUSION

For the reasons set forth above, the court will grant Rosario leave to proceed *in forma pauperis*, dismiss his claims against GHCF with prejudice, and dismiss the complaint without

prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The court will permit Rosario to amend his claims should he be able to assert plausible claims for relief.

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.