IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS ROSARIO, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 21-1238 |
| | : | |
| v. | : | |
| | : | |
| GEORGE HILL CORRECTIONAL FACILITY, | : | |
| | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this 15th day of June, 2021, after considering the application for leave to proceed *in forma pauperis* (Doc. No. 1) and the complaint (Doc. No. 2) filed by the *pro se* plaintiff, Luis Rosario; and for the reasons set forth in the separately filed memorandum opinion, it is hereby **ORDERED** as follows:

1. The application for leave to proceed *in forma pauperis* (Doc. No. 1) is **GRANTED** and the plaintiff has leave to proceed *in forma pauperis*;

2. The complaint (Doc. No. 2) is **DEEMED** filed;

3. The complaint is **DISMISSED WITHOUT PREJUDICE**;

4. The plaintiff may file an amended complaint within **thirty (30) days** of the date of this order if he can name an appropriate defendant responsible for the alleged violations of his constitutional rights. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for the plaintiff's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial complaint or other papers filed in this case to state a claim. When drafting his amended complaint, the plaintiff should be mindful of the court's

reasons for dismissing the claims in his initial complaint as explained in the court's separately filed memorandum opinion. Upon the filing of an amended complaint, the clerk shall not make service until so ordered by the court;

5. The clerk of court is **DIRECTED** to send the plaintiff a blank copy of the court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. The plaintiff may use this form to file his amended complaint if he chooses to do so;[1]

6. If the plaintiff does not wish to amend his complaint and instead intends to stand on his complaint as originally pleaded, he may file a notice with the court within **thirty (30) days** of the date of this order stating that intent, at which time the court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1995) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims"); and

7. If the plaintiff fails to file any response to this order, the court will conclude that the plaintiff intends to stand on his complaint and will issue a final order dismissing this case.[2] *See*

---

[1] This form is available on the court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with court order, which require assessment of *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend

*Weber*, 939 F.3d at 239–40 (explaining that plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of order directing him to take action to cure defective complaint).

                                                      BY THE COURT:

                                                    /s/ *Edward G. Smith*
                                                    EDWARD G. SMITH, J.

---

his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).